IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| BLACK'S 14TH STREET LLC, *d/b/a* | § | |
| PEARL DIVE OYSTER PALACE®, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 6:23-cv-00788 |
| v. | § | |
| | § | |
| PEARL DIVE OYSTER BAR LLC | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |
| | § | |

## VERIFIED COMPLAINT

Plaintiff Black's 14th Street LLC, d/b/a PEARL DIVE OYSTER PALACE® ("Plaintiff")

alleges as follows for its Complaint against Defendant Pearl Dive Oyster Bar LLC ("Defendant"):

1.      This is an action for trademark infringement, counterfeiting, false designation of

origin, passing off and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 et seq., and

for trademark infringement, unfair competition, false designation of origin and unjust enrichment

in violation of Texas common law, arising from Defendant's use of Plaintiff's well known,

distinctive, and incontestable PEARL DIVE OYSTER PALACE® and iconic diver logo federal

trademarks for restaurant and bar services in connection with the website, advertising, social media

and promotion of Defendant's oyster bar and restaurant, the same services as offered by Plaintiff

under its federal trademark registrations.

## The Parties

2.      Plaintiff is a District of Columbia limited liability company with a principal place

of business at 1612 14th Street NW, Washington, DC. Plaintiff is the owner of all relevant

trademark rights associated with PEARL DIVE OYSTER PALACE® and iconic diver.

3.      Defendant is a Texas limited liability company with its principal place of business at 1611 W. 5th Street Suite 105, Austin, Texas 78703. Defendant is a restaurant and bar using the PEARL DIVE OYSTER BAR Mark on or in its website, advertisements, social media, and promotion of such services, including as trade dress in connection with its services. Defendant may be served through its registered agent, Solomon Muin, 1611 West 5th Street, Suite 105, Austin, Texas 78703.

## Jurisdiction and Venue

4.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

## Factual Background

## Plaintiff's Proprietary PEARL DIVE OYSTER PALACE® Trademarks

6.      Plaintiff is one of the leading independent restaurant groups in the Washington, DC metropolitan area and owner of acclaimed restaurants including BlackSalt Restaurant, BlackSalt Fish Market, Black Market Bistro, Black's Bar & Kitchen, Black Jack, Black Coffee, TILT and Pearl Dive Oyster Palace. For about twelve years, Plaintiff has exclusively operated restaurant and bar services using the federally registered trademarks PEARL DIVE OYSTER PALACE® and iconic diver and has achieved national recognition as America's Best Oyster Bar and Restaurant. **Exhibit 1** (https://www.foodandwine.com/travel/americas-best-oyster-bars).   Further, for each year 2017 to 2022, Plaintiff's Pearl Dive Oyster Palace has been named a Bib Gourmand Award recipient in the Washington, DC Michelin Guide, reflecting its recognition by the premier

international restaurant reviewing guide as a restaurant providing high quality food at accessible prices. **Exhibit 2** (2017 Bib Gourmand: https://michelinmedia.com/dc-bib-gourmands/; 2018 Bib Gourmand: https://michelinmedia.com/pages/blog/detail/article/c/a663/; 2019 Bib Gourmand: https://www.washingtonian.com/2018/09/06/michelin-reveals-its-2019-bib-gourmand-list-for-dc/; 2020 Bib Gourmand: https://michelinmedia.com/pages/blog/detail/article/c/a899/; 2021 Bib Gourmand: https://www.washingtonian.com/2021/04/20/michelin-guide-releases-its-2021-dc-bib-gourmand-awards/; 2022 Bib Gourmand: https://www.washingtonian.com/2022/05/04/michelin-announces-2022-stars-and-bib-gourmand-awards-for-dc-restaurants/).

7.      The PEARL DIVE OYSTER PALACE® and iconic diver Trademarks were first used in commerce at least as early as September 14, 2011, and since then Plaintiff has been the exclusive source of the PEARL DIVE OYSTER PALACE® and iconic diver brand.  There are no other live marks on the national register that use the term "PEARL DIVE" for any services or goods.

8.      In addition to its strong common law rights from its long and extensive use of its PEARL DIVE OYSTER PALACE® and iconic diver Trademarks, Plaintiff has sought to protect its brand investments by registering its PEARL DIVE OYSTER PALACE® and iconic diver Trademarks with the United States Patent and Trademark Office ("USPTO"). More specifically, Plaintiff has federally registered and obtained certificates of registration from the USPTO for the PEARL DIVE OYSTER PALACE® and iconic diver Trademarks, including Principal Register Registration No. 4,165,818 for the standard character word mark PEARL DIVE OYSTER PALACE for "restaurant and bar services" registered on June 26, 2012 **(Exhibit 3** (Principal Register Certificate of Registration No. 4,165,818)) and Principal Registration No. 4,151,709 for

slightly curved wording PEARL DIVE over the wording OYSTER PALACE superimposed over

an iconic diver for "restaurant and bar services" registered on May 29, 2012 (**Exhibit 4** (Principal

Register Certificate of Registration No. 4,151,709)) (collectively the "PEARL DIVE OYSTER

PALACE® Trademarks"), details summarized as follows:

| Trademark | U.S. Registration No. | Services | First Use In Commerce | Status |
|---|---|---|---|---|
| PEARL DIVE OYSTER PALACE | 4,165,818 | Int'l. Cl. 43 (U.S. Cls. 100 and 101): restaurant and bar services | 9-14-2011 | Registered 6-26-2012 |
|  | 4,151,709 | Int'l. Cl. 43 (U.S. Cls. 100 and 101): restaurant and bar services | 9-14-2011 | Registered 5-29-2012 |

9.      Plaintiff is the sole owner of all right, title and interest in and to the federally

registered PEARL DIVE OYSTER PALACE® Trademarks.

10.      Plaintiff's PEARL DIVE OYSTER PALACE® Trademarks are incontestable

under 15 U.S.C. §1065.  Pursuant to 15 U.S.C. §1115(b), Plaintiff's incontestable registrations are

conclusive evidence of the validity the PEARL DIVE OYSTER PALACE® Trademarks,

Plaintiff's ownership in the trademarks, and Plaintiff's exclusive right to use the PEARL DIVE

OYSTER PALACE® Trademarks in commerce with restaurant and bar services.  See **Exhibits 5**

**and 6** (Section 15 Declarations of Incontestability for PEARL DIVE OYSTER PALACE®

Trademarks Registration No. 4165818 (USPTO acknowledged August 8, 2017) and Registration

No. 4151709 (USPTO acknowledged August 4, 2017), respectively).

11.     On an annual basis, Plaintiff has invested substantial time, effort and money in advertising and promoting restaurant and bar services under the PEARL DIVE OYSTER PALACE® and iconic diver brand.  Such advertising and promotions of the PEARL DIVE



OYSTER PALACE® and iconic diver brand include website advertisements, print media, menus, point of sale advertising, posters, and displays on restaurants and bars and direct mail to consumers. Example advertisements of the PEARL DIVE OYSTER PALACE® and iconic diver brand through Plaintiff's website, www.pearldiveoysterpalace.com, and menu are shown below (**Exhibits 7 to 8**):

**HOT OYSTER PLATES**

Rockefeller                                              $11

Brioled Oysters, Spinach, Bacon, Parmesan

12.     As a result of Plaintiff's extensive use and advertising of its restaurant and bar services bearing the PEARL DIVE OYSTER PALACE® and iconic diver brand, customers arriving from around the world have grown to identify Plaintiff as the source of its PEARL DIVE OYSTER PALACE® and iconic diver branded restaurant and bar services business. Plaintiff's



PEARL DIVE OYSTER PALACE® and iconic diver branded restaurant and bar services are well known not only in the Washington, DC metropolitan area but throughout the country and internationally. and its network of customers and customer referrals have garnered industry-wide goodwill, reputation and recognition among businesses, families and individuals throughout the country, including this jurisdiction.

13.     Plaintiff has derived substantial revenue through its PEARL DIVE OYSTER PALACE® branded restaurant and bar services.

14.     The PEARL DIVE OYSTER PALACE® and iconic diver brands and the PEARL DIVE OYSTER PALACE® Trademarks are well known and recognized in the Washington, DC

Metropolitan Region and throughout the country. Consumers recognize and rely upon the PEARL DIVE OYSTER PALACE® Trademarks to identify authentic PEARL DIVE OYSTER PALACE® branded restaurant and bar services and to distinguish Plaintiff's restaurant and bar services from the restaurant and bar services of others. The PEARL DIVE OYSTER PALACE® Trademarks became well known long before Defendant recently opened its current infringing restaurant and bar service using the substantially identical PEARL DIVE OYSTER BAR Mark.

**Defendant's Unlawful Acts**

15.     Defendant was well aware of the existence and renown of the PEARL DIVE OYSTER PALACE® Trademarks prior to committing the acts complained of herein.

16.     Defendant held a soft opening of its restaurant and bar services infringing the PEARL DIVE OYSTER PALACE® Trademarks on September 20, 2023, followed by its grand opening on October 1, 2023, and continues to operate under the infringing PEARL DIVE OYSTER BAR Mark.

17.     On October 6, 2023, Plaintiff's counsel sent a cease and desist letter to Defendant (**Exhibit 9**) informing Defendant of Plaintiff's incontestable, federally registered PEARL DIVE OYSTER PALACE® Trademarks (**Exhibit 9; Exhibit A**).   Plaintiff's counsel enclosed screenshots, reproduced below, of Defendant's website, www.pearldiveoysterbar.com, demonstrating Defendant's infringement of the PEARL DIVE OYSTER PALACE® Trademarks, including both the PEARL DIVE OYSTER PALACE® word mark and the PEARL DIVE OYSTER PALACE® word mark with iconic diver logo (**Exhibit 9; Exhibit B**):

10/5/23, 2:04 PM                              nimbus screenshot app print

screenshot-www.pearldiveoysterbar.com-2023.10.05-14_0
https://www.pearldiveoysterbar.c



18.    Plaintiff's counsel further informed Defendant that, despite the short duration of Defendant's operations, its infringement of the PEARL DIVE OYSTER PALACE® Trademarks has already begun causing actual confusion, as evidenced by screenshots of comments about Defendant's soft opening published in the "r/austinfood" subreddit on the popular social news aggregation, content rating, and discussion website "Reddit."  *See* **Exhibit 9; Exhibit C**.

19.    Plaintiff's counsel requested that Defendant respond by no later than Friday, October 13, 2023, that Defendant will, *inter alia,* immediately stop infringing the PEARL DIVE OYSTER PALACE® Trademarks or using any other designations likely to cause confusion with or dilution of the PEARL DIVE OYSTER PALACE® Trademarks and transfer the domain name www.pearldiveoysterbar.com to Plaintiff.

20.    After receiving no response from Defendant, Plaintiff's counsel teleconferenced Defendant on Monday, October 16, 2023, following up on Plaintiff's cease and desist letter, and

spoke to "Mike, Manager of Pearl Dive Oyster Bar LLC, " who advised to follow up in writing with an email to info@pearldiveoysterbar.com. Plaintiff's counsel sent an email to Defendant at info@pearldiveoyster.com on October 17, 2023, memorializing the teleconference, including that the owners of Defendant were unavailable to speak, and that Mike was authorized to speak on behalf of the owners. Mike further advised that Pearl Dive Oyster Bar LLC has already taken steps and will continue to take steps to stop using the Pearl Dive Oyster trademarks in or as part of their company name, banner, advertisements, website and all social media and any mark confusingly similar, and that Defendant will also advise that Pearl Oyster Bar LLC has no affiliation with Pearl Dive Oyster Palace. Mike further advised that Defendant's use of the "diver" was a mistake and advised it has been and/or will be immediately removed from all advertisements. In addition, Mike advised that Defendant will respond in writing to Plaintiff's October 17, 2023 email this week so that Plaintiff can evaluate whether Defendant's response is acceptable. **Exhibit 10.**

21. Upon receiving no response, Plaintiff's counsel sent a reminder to Defendant on Friday, October 20, 2023 (**Exhibit 11**), prompting a written response from Mike that Defendant is "[d]ealing with a busy formula one week end. I will send you a response in your inbox before Monday morning .thanks" (**Exhibit 12**). Plaintiff's counsel responded by email the same day requesting that when Defendant responds on Monday morning, Defendant "include photographs or other proof showing the steps Pearl Dive Oyster Bar has taken to remove the diver and name Pearl Dive Oyster from its name, banner, website, advertisements, social media, and all other branding including menus and in-restaurant signage  and the date(s) when those steps were taken, presumably before this weekend and after receipt of my firm's cease and desist letter dated October 6. However, all indications are that the infringing use of 'Pearl Dive Oyster' and the diver continues on Pearl Dive Oyster Bar's website. *See also* attached link

https://www.instagram.com/p/CyRzSTVgRbi/.  Such continued misconduct by Pearl Dive Oyster

Bar is willful infringement and in bad faith, compounded by Pearl Dive Oyster Bar's continued

trading off of and profiting from our client's goodwill and registered, incontestable trademarks to

take advantage of a high sales weekend.  We expect to receive a complete and satisfactory response

to the list of demands set forth in my October 17 email and October 6 demand letter."  **Exhibit 13**.

22.    On Friday, October 20, 2023, Defendant responded, under the name Sabine

Volkmann <info@pearldiveoysterbar.com>, that Defendant will remove the diver from its logo

and all advertising and replace it with another logo but will not stop using the Pearl Dive Oyster

Bar Mark.  **Exhibit 14.**

23.    On Monday, October 23, 2023, Plaintiff's counsel responded that Defendant's

refusal to stop using the Pearl Dive Oyster Bar Mark was not acceptable because Defendant offers

the same restaurant and bar services as Plaintiff, Plaintiff's PEARL DIVE OYSTER PALACE®

Trademarks are recognized nationally and the parties "advertise nationally at least through their

respective websites and appear side by side from at least Google searches, causing actual confusion

amongst consumers."   Plaintiff also requested clarification regarding the individual authorized to

correspond on behalf of Defendant, and requested by the close of business Wednesday, October

25, 2023, Defendant's confirmation that it will stop using the name PEARL DIVE OYSTER or

any confusingly similar name in Pearl Dive Oyster Bar's name, banner, menu, website,

advertisements, social media, and other branding and that the domain will be transferred to

Plaintiff.  **Exhibit 15.**

24.    After again receiving no response from Defendant, on October 27, 2023, Plaintiff's

counsel emailed "The Pearl Dive Oyster Bar Management Team, Sabine Volkmann and Mike" at

info@pearldiveoysterbar.com  to  advise  that,  upon  information  and  belief,  Plaintiff  has

independently learned that "the owners of Pearl Dive Oyster Bar LLC appear to be, at least in part, Hussein Ali 'Mike' Yassine. https://www.justice.gov/usao-wdtx/pr/mike-yassine-receives-three-years-federal-prison-austin-tax-case.  We are familiar with additional press articles involving Mr. Yassine and confirming his ownership.  If this is not the case, please advise.   We are prepared to proceed with filing a Complaint, including this information, … seeking injunctive relief, unless you agree in writing" by Monday, October 30, 2023, to, *inter alia*, stop using the name PEARL DIVE OYSTER and transfer the domain for pearldiveoysterbar.com to Plaintiff.  Plaintiff also informed Defendant that to include on Defendant's website that Defendant has "no affiliation to Pearl Dive Oyster Palace" will only exacerbate confusion caused by search engines such as Google and Bing. **Exhibit 16.**

25.     Upon information and belief, press articles regarding the owner of Defendant, including        https://www.justice.gov/usao-wdtx/pr/mike-yassine-receives-three-years-federal-prison-austin-tax-case (**Exhibit 17**) and    https://www.austinchronicle.com/daily/news/2012-04-25/yassine-clubs-seized-by-state/ **(Exhibit 18),** report that Defendant's owner's business establishments have been used for narcotics trafficking, money laundering and night club activity and at least six bars  have previously been placed under full seizure.  Any confusion between the Pearl Dive Oyster Bar owned by and associated with Defendant and Plaintiff's Pearl Dive Oyster Palace brand and Plaintiff's PEARL DIVE OYSTER PALACE® Trademarks is likely to tarnish the goodwill and reputation of Plaintiff's Pearl Dive Oyster Palace branded business and the Plaintiff's PEARL DIVE OYSTER PALACE® Trademarks.

26.     Examples of Defendant's continuing infringement on its website, advertisements and promotions using the substantially identical PEARL DIVE OYSTER BAR Mark for restaurant and bar services, the same line of business as Plaintiff's PEARL DIVE OYSTER PALACE®

branded business, are shown below in snapshots of Google search results for "pearl dive oyster" showing side by side appearance of links to Plaintiff's Pearl Dive Oyster Palace and Defendant's Pearl Dive Oyster Bar and Defendant's online menu  (**Exhibits 19 and 20**):





27.     Defendant intends by its use of the PEARL DIVE OYSTER BAR Mark in connection with non-Plaintiff restaurant and bar services to trade off the resounding consumer goodwill and reputation of the PEARL DIVE OYSTER PALACE® Trademarks and Plaintiff's PEARL DIVE OYSTER PALACE® branded restaurant and bar services.

28.     Plaintiff has no business relationship with Defendant and has never authorized or licensed Defendant to use the PEARL DIVE OYSTER BAR Mark or any other similar mark for any purpose, including for restaurant and bar services. Defendant's restaurant and bar services using the PEARL DIVE OYSTER BAR Mark are marketed to the same class of consumers, through the same channels of trade, and through the same or similar types of advertising as Plaintiff.

29.     Defendant's use of the PEARL DIVE OYSTER BAR Mark is without Plaintiff's permission or consent. Plaintiff has no control over Defendant's use of the PEARL DIVE OYSTER BAR Mark or the quality of services advertised, promoted, and offered by Defendant in connection with the PEARL DIVE OYSTER BAR Mark.

30.     The acts of Defendant complained of herein has caused, or is likely to cause, irreparable injury to Plaintiff, including irreparable injury to its good will and reputation, for which Plaintiff has no adequate remedy at law.

31.     Upon information and belief, Defendant will continue to commit the acts complained of herein unless enjoined.

32.     Upon information and belief, Defendant's acts were deliberately and intentionally carried out in bad faith, or with a reckless disregard for or with willful blindness to Plaintiff's rights, for the purpose of trading on Plaintiff's reputation and diluting the PEARL DIVE OYSTER PALACE® Trademarks.

33.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover the costs of this action. The intentional nature of Defendant's unlawful acts renders this an "exceptional case," entitling Plaintiff to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT I

### Federal Trademark Infringement 15 U.S.C. § 1114

34.     Paragraphs 1 through 33 are incorporated and made a part of this Count.

35.     Defendant uses a reproduction, counterfeit, copy or colorable imitation of Plaintiff's PEARL DIVE OYSTER PALACE® Trademarks, without Plaintiff's consent, in commerce in connection restaurant and bar services that are not genuine PEARL DIVE OYSTER PALACE® restaurant and bar services.

36.     Defendant uses a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's PEARL DIVE OYSTER PALACE® Trademarks in Defendant's website, domain name, commercial labels, signs, posters, menus, prints, statues, packages, wrappers, receptacles, advertisements, social media and promotions intended to be used in commerce upon or in connection with restaurant and bar services that are not genuine PEARL DIVE OYSTER PALACE® branded restaurant and bar services.

37.     Defendant's use of the PEARL DIVE OYSTER BAR Mark is likely to cause confusion, mistake, or deception as to the source of origin of the services offered by Defendant in connection with Plaintiff's PEARL DIVE OYSTER PALACE® Trademarks in that customers and potential customers are likely to believe that the restaurant and bar services offered by Defendant in connection with the PEARL DIVE OYSTER BAR Mark are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Plaintiff.

38.     Defendant's use of the PEARL DIVE OYSTER BAR Mark is likely to cause confusion, mistake, or deception, in that customers and potential customers are likely to believe there is sponsorship, approval, licensing, affiliation, association, or some legitimate connection between the restaurant and bar services provided by Defendant in connection with the PEARL DIVE OYSTER BAR Mark and Plaintiff's PEARL DIVE OYSTER PALACE® branded restaurant and bar services.

39.     As a direct and proximate result of the likely confusion, mistake, or deception, Plaintiff has suffered and will continue to suffer irreparable harm if the conduct of Defendant is not enjoined.

40.     The likely confusion, mistake, or deception caused by Defendant is in violation of

Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II

### Federal Counterfeiting 15 U.S.C. §§114, 1116

41.     Paragraphs 1 through 40 are incorporated and made a part of this Count.

42.     The PEARL DIVE OYSTER PALACE® Trademarks are registered on the Principal Register for restaurants and bar services.

43.     Defendant has engaged in unlawful counterfeiting practices in violation of 15 U.S.C. §§ 1114 and 1116 because Defendant's use of a spurious PEARL DIVE OYSTER BAR Mark in connection with restaurant and bar services is substantially indistinguishable from Plaintiff's PEARL DIVE OYSTER PALACE® Trademarks and is used in connection with the same services offered in connection with Plaintiff's PEARL DIVE OYSTER PALACE® Trademarks.

44.     Defendant has knowingly and intentionally used a spurious PEARL DIVE OYSTER BAR Mark to designate restaurant and bar services that are not genuine PEARL DIVE OYSTER PALACE® branded restaurant and bar services. Defendant's use of the PEARL DIVE OYSTER BAR Mark is in such a way as to cause confusion, mistake, or deception as to the source of origin of the restaurant and bar services offered by or used by Defendant in connection with the spurious PEARL DIVE OYSTER BAR Mark.

45.     The likely confusion, mistake, or deception caused by Defendant is in violation of Section 32 of the Lanham Act, 15 U.S.C. §§ 1114 and 1116.

## COUNT III

### Federal False Designation of Origin, Passing Off and Unfair Competition 15 U.S.C. §1125(a)

46.     Paragraphs 1 through 45 are incorporated and made a part of this Count.

16

47.     Defendant's use of the PEARL DIVE OYSTER BAR Mark is both use of a term, name, or symbol and use of a false designation of origin, all of which is likely to cause confusion, mistake, or deception as to the source of origin of the restaurant and bar services provided by Defendant in connection with the PEARL DIVE OYSTER BAR Mark in that customers and potential customers are likely to believe that such services are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Plaintiff's PEARL DIVE OYSTER PALACE® branded restaurant and bar services.

48.     Defendant's use of the PEARL DIVE OYSTER BAR Mark is likely to cause confusion, mistake, or deception, in that customers and potential customers are likely to believe there is sponsorship, approval, licensing, affiliation, association, or some legitimate connection between the restaurant and bar services provided by Defendant in connection with the PEARL DIVE OYSTER BAR Mark and Plaintiff's PEARL DIVE OYSTER PALACE® branded restaurant and bar services.

49.     As a direct and proximate result of the likely confusion, mistake, or deception, Plaintiff has suffered and will continue to suffer irreparable harm if the conduct of Defendant is not enjoined.

50.     The likely confusion, mistake, or deception caused by Defendant is in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § l 125(a).

## COUNT IV

### Trademark Infringement in
### Violation of Texas Common Law

51.     Paragraphs 1 through 50 are incorporated and made a part of this Count.

52.     Defendant's conduct constitutes infringement of Plaintiff's rights in the PEARL

17

DIVE OYSTER PALACE® Trademarks in violation of Texas common law.

53.     Defendant has committed acts alleged above with knowledge and intent to cause confusion or mistake or to deceive.

## COUNT V

### Unfair Competition in Violation of Texas Common Law

54.     Paragraphs 1 through 53 are incorporated and made a part of this Count.

55.     Defendant has engaged in unfair competition by unlawfully advertising, offering for sale, and using the substantially identical PEARL DIVE OYSTER BAR Mark as Plaintiff's federally registered PEARL DIVE OYSTER PALACE® Trademarks for the same restaurant and bar services.

56.     Defendant's deliberate and concerted adoption and use of the substantially identical PEARL DIVE OYSTER BAR Mark as Plaintiff's federally registered PEARL DIVE OYSTER PALACE® Trademarks is likely to cause confusion, mistake, or deception by virtue of Defendant's false representation to the public that Defendant's restaurant and bar services are sanctioned, endorsed, sponsored by, or otherwise permitted by or connected with Plaintiff.

57.     Defendant's unauthorized use of the substantially identical PEARL DIVE OYSTER BAR Mark as Plaintiff's federally registered PEARL DIVE OYSTER PALACE® Trademarks is likely to influence the decision of consumers and the general public.

58.     Defendant's unauthorized use of the substantially identical PEARL DIVE OYSTER BAR Mark as Plaintiff's federally registered PEARL DIVE OYSTER PALACE® Trademarks constitutes Common Law Trademark Infringement and/or Common Law Unfair Competition.

59.     By reason of Defendant's acts of unfair competition, trademark infringement, and

18

false designation of origin – as alleged above – Plaintiff has suffered and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, loss of goodwill, and damage to its reputation – all in amounts which are not yet fully ascertainable, but will be proven at trial.

60.     Unless restrained and enjoined, Defendant's acts of unfair competition and trademark infringement, alleged herein, will cause Plaintiff ongoing, irreparable injury.

## COUNT VI

### False Designation of Origin in Violation of
### Texas Common Law

61.     Paragraphs 1 through 60 are incorporated and made a part of this Count.

62.     Through Defendant's use of the PEARL DIVE OYSTER BAR Mark in interstate commerce in connection with its restaurant and bar services, Defendant has falsely designated those services as affiliated with Plaintiff.

63.     Defendant's use of the PEARL DIVE OYSTER BAR Mark has the capacity to materially deceive potential consumers, and is likely to cause confusion, or to cause mistake, or to deceive as to the origin of Defendant's restaurant and bar services.

64.     As a result of Defendant's false designation of its restaurant and bar services, Plaintiff has suffered, and will continue to suffer damages, including irreparable damage to its goodwill and reputation.

## COUNT VII

### Unjust Enrichment in Violation of Texas Common Law

65.     Paragraphs 1 through 64, as if fully set forth herein.

66.     Through Defendant's use of the PEARL DIVE OYSTER BAR Mark, Defendant

has unfairly used the significant goodwill and consumer recognition inherent in the PEARL DIVE

OYSTER PALACE® Trademarks to gain business and customers.

67.     Through Defendant's use of the PEARL DIVE OYSTER BAR Mark, Defendant's

marketing efforts have benefited and Defendant has profited financially, and is likely to continue

benefiting and profiting, by leading customers to believe that Defendant's restaurant and bar using

the PEARL DIVE OYSTER BAR Mark is affiliated with Plaintiff.

68.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

will continue to suffer damages, including irreparable damage to its goodwill and reputation.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant and respectfully requests

that the Court enter an order:

A.     Declaring that Defendant's actions described above infringe Plaintiff's rights in the

PEARL DIVE OYSTER PALACE® Trademarks, and accordingly constitute trademark

infringement, counterfeiting, false designation of origin, passing off, and unfair competition under

federal law, and trademark infringement, unfair competition, false designation of origin, and unjust

enrichment in violation of Texas common law.

B.     Preliminarily and permanently enjoining and restraining Defendant and its

directors, members, officers, agents, servants, employees, subsidiaries, affiliates, and all persons

in active concert or participation with, through, or under it, at first during the pendency of this

action and thereafter perpetually:

1.     from committing any acts of unfair competition and from implying a false

designation of origin or a false description or representation with respect to

20

Plaintiff's PEARL DIVE OYSTER PALACE® Trademarks;

2.    from committing any acts of unfair competition by passing off or inducing or enabling others to sell or pass off goods/services that are not Plaintiff's goods/services as those of Plaintiff;

3.    from using the PEARL DIVE OYSTER BAR Mark in any manner on its website, domain name, packaging, labels, signs, posters, menus, literature, display cards, statues or other advertising, promotional or social media materials, or any other materials related to Defendant's restaurant and bar services, and any other mark, word, or name confusingly similar to Plaintiff's PEARL DIVE OYSTER PALACE® Trademarks;

4.    from using any designation that is likely to disparage, tarnish, or dilute the distinctive quality of Plaintiff's PEARL DIVE OYSTER PALACE® Trademarks; and,

5.    from committing any acts of unfair competition or deceptive or unlawful trade practices calculated to cause members of the trade or purchasing public to believe that Defendant's restaurant and bar services are the services of Plaintiff or are sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by Plaintiff or under the supervision or control of Plaintiff.

C.    Requiring that Defendant deliver up to Plaintiff any and all containers, signs, posters, menus, packaging materials, print media, statues and advertising, promotional or social media materials and any materials used in the preparation thereof, which in any way unlawfully use or make reference to in connection with Defendant's PEARL DIVE OYSTER BAR Mark goods/services.

21

D.      Requiring that Defendant, within thirty (30) days after service of notice of entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon Plaintiff's counsel a written report under oath setting forth details of the manner in which Defendant has complied with the Court's order pursuant to Paragraphs A, B, and C above.

E.      Requiring Defendant to account and pay over to Plaintiff all damages sustained by Plaintiff, Defendant's profits, Plaintiff's attorneys' fees and costs, and ordering that the amount of damages and profits awarded Plaintiff be increased three times the amount thereof.

F.      Awarding Plaintiff such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a jury trial for this matter.

Dated:  November 17, 2023

Respectfully submitted,

By:  /s/Abelino "Abel" Reyna
Abelino "Abel" Reyna
Texas Bar # 24000087
**Patterson & Sheridan LLP**
729 Washington Avenue, Suite 200
Waco, Texas 76701
(Tel): 254-777-5248
(Fax): 877-777-8071
(email): areyna@pattersonsheridan.com

Tony V. Pezzano
To Be Admitted Pro Hac Vice
tony.pezzano@offitkurman.com
Matthew D. Asbell
To Be Admitted Pro Hac Vice
matthew.asbell@offitkurman.com
Chintan A. Desai
To Be Admitted Pro Hac Vice
chintan.desai@offitkurman.com
**Offit Kurman, P.A.**
590 Madison Ave, 6th Floor
New York, NY 10022
(Tel): 212-545-1900

(Fax): 212-545-1656

*Attorneys for Plaintiff Black's 14th Street LLC,*
*d/b/a* PEARL DIVE OYSTER PALACE®

## VERIFICATION

Jeffrey Black, being duly sworn, deposes and says:

I am the CEO of Plaintiff Black's 14th Street LLC, d/b/a PEARL DIVE OYSTER PALACE®, in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
Jeffrey Black

Sworn to before me this 17th day of November, 2023

_____
Notary Public

Charles H Williams III
Notary Public
Prince George's County
Maryland
My Commission Expires 08/16/2025

4860-1904-2705, v. 1